UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN TAYLOR,

    Petitioner,

v.       CAUSE NO. 3:20-CV-590-DRL-MGG

WARDEN,

    Respondent.

OPINION & ORDER

Brian Taylor, a prisoner without a lawyer, filed an amended habeas corpus petition (ECF 5) challenging the prison disciplinary hearing (MCF 20-02-003) where a Disciplinary Hearing Officer (DHO) found him guilty of Possession of Electronic Device in violation of Indiana Department of Correction offense B-207 on March 11, 2020. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted from Credit Class 1 to Credit Class 2. Mr. Taylor raises one ground for seeking habeas corpus relief—that there was insufficient evidence to have found him guilty.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our

> province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report states:

> On January 31, 2020, during a search of Offender Taylor, Brian DOC#120783 PHU 219 property I Investigator, N. Johnson found an LG cell phone charger and cord. These items were located in the property box assigned to Taylor. Offender Taylor denied the item being his.

ECF 5-1 at 1.

Mr. Taylor argues his property was comingled with his cellmate's property when their cell was searched. That is to say, he wanted the DHO to believe him rather than the investigator who said it was found in Mr. Taylor's property box. However, it is not for this court to reweigh the evidence. *Webb*, 224 F.3d at 652. The DHO believed the investigator. Doing so wasn't arbitrary or irrational.

Mr. Taylor argues his cellmate admitted the charger was his. It would not have been arbitrary or irrational to have disbelieved the cellmate. However, even if the DHO believed his cellmate, Mr. Taylor could still have been found guilty if the DHO believed they jointly owned or shared the charger. Moreover, he could have found Mr. Taylor guilty even if it was unclear which of them owned the charger found in their cell. *Cf. Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992)

(discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

If Mr. Taylor wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because, under 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith. Nevertheless, if he files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed *in forma pauperis* by filing a motion there along with a copy of this order demonstrating that he has already been denied leave to proceed *in forma pauperis* here.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Brian Taylor leave to appeal *in forma pauperis*.

SO ORDERED.

August 24, 2020                              *s/ Damon R. Leichty*
                                             Judge, United States District Court